**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ESTELLA LOPEZ, a.k.a. Elda Hernandez, a.k.a. Maria Lopez,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73119<br><br>Agency No. A072-724-638<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:      FARRIS, O'SCANNLAIN and BYBEE, Circuit Judges.

Maria Estella Lopez, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In her opening brief, Lopez concedes the agency's dispositive determination that her asylum claim was untimely and fails to challenge the agency's denial of her CAT claim. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997-8 (9th Cir. 2007) (issues not raised and argued in the opening brief are deemed waived).

We reject Lopez's claim that she is eligible for withholding of removal based on her fear of gang violence or based on general conditions of crime in Honduras. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a general fear of gang violence does not establish membership in a protected social group).

We lack jurisdiction to consider Lopez's claim that she faces persecution based on membership in a social group of "family members of persons killed by

Honduran gangs," because she did not argue this as a distinct social group to the IJ or the BIA. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (the court lacks jurisdiction to consider claims not exhausted administratively).

Accordingly, because Lopez failed to demonstrate that she was persecuted or fears persecution on account of a protected ground, we deny the petition as to her withholding of removal claim. *See Barrios*, 581 F.3d 849, 856.

**PETITION FOR REVIEW DENIED.**